UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SAAVEDRA MORALES, A-2246-286-772,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-07996-TLN-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case was referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) and the court's minute order on October 1, 2026. (ECF No. 3.) The petition and respondent's opposition to the petition are before the court. (ECF Nos. 1, 9.) No further briefing is necessary. For the reasons set forth below, the undersigned recommends the court grant the petition to the extent that respondent be ordered to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a native of Nicaragua who entered the United States in or around December of 2022. (ECF No. 9 at 18.) He was encountered by immigration officials on December 8, 2022,

and detained. (Id.) Petitioner was then released in January 2023 (ECF No. 9 at 2 & 10) and was living in the United States. Under respondents' evidence, on August 24, 2026, petitioner was re-detained pending further immigration proceedings after an arrest for aggravated assault. (Id. at 18-20.) Petitioner is not subject to a final order of removal.

Petitioner filed the pending petition on September 28, 2026, seeking release from custody. (ECF No. 1 a 7.) Respondent filed an opposition to the petition arguing the applicable detention authority is 8 U.S.C. § 1225(b)(1). (ECF No. 9.) Respondent does not argue petitioner presents a danger or flight risk if released. (See id.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

**III. Discussion**

Petitioner was living in the United States when he was re-detained by immigration officials in August of 2026 and he is not subject to a final order of removal. The applicable detention authority is 8 U.S.C. § 1226. Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). Under § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). The record contains no indication petitioner has received any individualized determination as to his custody status since being detained by immigration officials. Petitioner is detained in violation of the INA.

The record further indicates petitioner had a liberty interest in his continued freedom protected by the Due Process Clause because he was previously released from ICE custody on an Order of Release on Own Recognizance. "Even if [petitioner] is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause." Gurtaj S. v. Bondi, No. 1:26-CV-01031-TLN-CSK, 2026 WL 2225023, at *1 (E.D. Cal. Aug. 3, 2026); see also, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release into the United States after a determination he presents no danger to the community or flight risk gives rise to a "heightened" liberty interest in remaining out of detention); Ramirez Bernal v. Mullin, No. 1:26-CV-04104-DAD-CSK (HC), 2026 WL 1785265, at *1 (E.D. Cal. June 22, 2026) (holding noncitizen released on an order of own recognizance developed a protected liberty interest in remaining out of custody while living freely in the community for approximately four years).

Having found petitioner has a clear interest in his continued freedom protected by the Due Process Clause, the court considers the three factors set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Petitioner has a substantial private interest in maintaining his out-of-custody status. Freedom from imprisonment is at the core of the Due Process Clause. Zadvydas, 533 U.S. at 690. The risk of erroneous deprivation of this private interest is considerable because petitioner was not afforded an individualized determination whether he should be released or detained while removal proceedings are ongoing. However, respondent may have a legitimate interest in petitioner's detention based on circumstances relating to petitioner's criminal arrest that preceded his immigration re-detention. The undersigned recommends petitioner be provided a prompt post-deprivation bond hearing as the appropriate remedy. See, e.g., Singh v. Chestnut, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner formerly released on his own recognizance and detained by ICE after an arrest where the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report").

## IV. Recommendation

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondent be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
3. Petitioner's pending request (ECF No. 7) be denied as moot.
4. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 22, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 mora7996.mer